UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| UNITED STATES OF AMERICA,  §<br>Plaintiff,  §<br>  §<br>vs.  §<br>  §<br>WILLIAM CRAIG WHISMAN,  §<br>Defendant  § | CASE NO.: 4:16-CR-173 |

## DEFENDANT'S MOTION TO SUPPRESS

Defendant William Craig Whisman, by and through his undersigned attorney, files this Motion to Suppress to exclude from the evidence in this case the contents of any electronic storage devices seized from the person of Defendant Whisman on 15 November 2016 and all items seized from Defendant Whisman's residential property located at 4800 Wisteria Drive, Frisco, Texas on 17 November 2016. In support of this motion, Defendant Whisman would show this Honorable Court as follows:

### I.   STATEMENT OF FACTS

On 9 November 2016, an Federal Bureau of Investigations (FBI) Special Agent identified only as FBI Online Covert Employee 4828 (OCE-4828), placed an ad on the website craigslist.com, under the heading "Play Dates", that stated "Family fun and forbidden fruit (tabooooo) Sound like fun?  Yng dad looking for dads or moms for some play dates for dau.", and the ad invited persons to contact the author via the cellphone application Kik messenger. From 9 to 12 November 2016, the undercover agent communicated by cellphone via the Kik application with a person who responded to the ad and identified himself as "John Smith", and the undercover agent encouraged "John Smith" to meet with him to engage in sex with the undercover FBI agent's ten-year-old daughter.  Federal Bureau of Investigations (FBI) Special Agent Aaron K. Covey summarizes the conversations and his plans to ensnare the suspect in the

application to his search warrant, which is on file with this Court in this case.

On 15 November 2016, FBI Agent Covey presented himself to U.S. Magistrate Judge Kimberly C. Priest Johnson in the Eastern District of Texas to request her authorization to execute a search of a 2009 Chevrolet HHR vehicle. The application for search warrant is in the possession of this Court, and was released to the defense on 5 January 2017, pursuant to an order of this Court (Document 20). In that application for a search warrant, FBI Agent Covey stated that he had a basis for his requested search authorization, under Federal Rule of Criminal Procedure 41(c), that the search of the vehicle would produce evidence of a crime; contraband, fruits of crime, or other items illegally possessed; and property designed for use, intended for use, or used in committing a crime.

Agent Covey's entire involvement in the case, up to the point of his presentation of a search application for this vehicle, was communication via a cellphone application from 9 to 12 November 2016 with a person whom FBI Agent Covey believed to be Defendant Whisman. At that time, according to the affidavit that accompanied the application for a search warrant, FBI agents only communicated with the person whom they thought to be Defendant Whisman about offering up a ten-year-old girl for sex. FBI Agent Covey did not have evidence of the transmission, receipt, or production of child pornography by the suspect, or any other crime (in fact, the search warrant affidavit states as much), and the only means of communication that he had with the suspect was via the Kik messenger application, which is only available on cell phones.

Despite the absence of any evidence that communication was done by any means other than a cell phone, on 15 November 2016 U.S. Magistrate Judge Priest Johnson gave authorization to FBI Agent Covey to seize and search "computers, mobile/smart phones,

computer hardware, computer software," and other matters. FBI Agent Covey arrested Defendant Whisman that same day at a Walmart parking lot at 6000 Coit Road in Plano, Texas, and pursuant to the search warrant, FBI Agent Covey and his team seized, amongst other items, from Defendant Whisman's 2009 Chevrolet HHR vehicle: four flash (electronic media storage) drives and a Hewlett Packard brand laptop computer. By 17 November 2016, FBI Agent Covey caused the flash drives to be searched, though the warrant signed by U.S. Magistrate Judge Priest Johnson did not give any authority to search the contents of any electronic storage devices.

Defendant Whisman was taken into custody upon his arrest on 15 November 2016, and he has remained detained, pending trial, to this date. At his arrest, Defendant Whisman declined to make a statement, and he also expressly declined to give consent to turnover any property. The only information that Defendant Whisman gave was his name.

On 17 November 2016, FBI Agent Covey again presented himself to U.S. Magistrate Judge Priest Johnson in the Eastern District of Texas to make an application for a second search warrant in this case (then identified as case number 4:16MJ458). The application for search warrant is in the possession of this Court, and was released to the defense on 5 January 2017, pursuant to an order of this Court (Document 21). In that application for a search warrant, FBI Agent Covey stated that he had a basis his requested search authorization, under Federal Rule of Criminal Procedure 41(c), that the search of the residence at 4800 Wisteria Drive in Frisco, Texas would produce evidence of a crime; contraband, fruits of crime, or other items illegally possessed; and property designed for use, intended for use, or used in committing a crime.

FBI Agent Covey had no information from his investigation, up to the point of his presentation of that second search application on 17 November 2016 for the search of 4800 Wisteria Drive, that any illegal activity had been conducted at that residence. In fact, all of the

electronic communication with the person that FBI Agent Covey suspected was Defendant Whisman indicated that Defendant Whisman was not at home when he was communicating with FBI agents, but rather Defendant Whisman was either driving in his Chevrolet HHR or at a retail business establishment.  Nonetheless, on 17 November 2016, FBI Agent Covey took steps to gain access to 4800 Wisteria Drive and seize property from it.

On 15 November 2016, after Defendant Whisman's arrest, FBI Agent Covey went to 4800 Wisteria Drive in Frisco, Texas and spoke to Defendant Whisman's wife who gave no evidence of any illegal activities in her brief interaction with FBI agents, and she denied them access to any property at 4800 Wisteria Drive.  On 16 November 2016, FBI Agent Covey directed a forensic review of one of the thumb drives seized from Defendant Whisman, and Agent Covey would claim, incorrectly, in the second search warrant affidavit presented on 17 November 2016, that one of the thumb drives contained videos of two minors, one nude.  In fact, FBI Agent Covey learned on 17 November 2016 that the nude "minor" was a friend of the Whisman family and not under the age of 18.

Thus, the search warrant affidavit presented no evidence to U.S. Magistrate Judge Priest Johnson to support FBI Agent Covey's averment in that affidavit that the search "would produce evidence of a crime; contraband, fruits of crime, or other items illegally possessed; and property designed for use, intended for use, or used in committing a crime" at 4800 Wisteria Drive in Frisco.  Despite the lack of any information to support probable cause that the search would find evidence of criminal activity at 4800 Wisteria Drive, U.S. Magistrate Judge Priest Johnson authorized a search of, and seizure of property from, that residence.  Later on 17 November 2016, FBI Agent Covey and his team seized from the residence at 4800 Wisteria Drive a Gateway laptop computer, three Sony video cameras, eight CDs, five flash drives, a Maxell 8mm

cassette tape, an iPhone, a Western Digital external hard drive, and a MacBook computer; the last item is alleged to have contained the contraband electronic files that are described in Count 2 of the Indictment in this case.

## II. AUTHORITIES AND ARGUMENT

The Fourth Amendment to the U.S. Constitution states, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." To protect those rights, our federal courts have fashioned the exclusionary rule which protects these rights by prohibiting the introduction into evidence of tangible materials seized during an illegal search. *See Murray v. United States*, 487 U.S. 533, 536 (1988). In addition, a trial judge must exclude all evidence derived from exploitation of the original constitutional violation up to the point at which the connection with the illegality becomes "so attenuated as to dissipate the taint." *Id.*; *Nardone v. United States*, 308 U.S. 338, 341 (1939).

The United States Supreme Court and the United States Court of Appeals for the Fifth Circuit have unequivocally held that a magistrate's determination of probable cause must be meaningful. *See Illinois v. Gates*, 462 U.S. 213, 239 (1983) (affidavit must provide "substantial basis" for determining probable cause); *United States v. Barrington*, 806 F.2d 529, 532 (5th Cir. 1986) (magistrate must have sufficient information to make determination of probable cause). In *Gates*, the Supreme Court set forth the standard to be applied when determining whether an affidavit offered in support of a request for a warrant can support a meaningful determination. There, the Court held that "[s]ufficient information must be presented to the magistrate to allow

that official to determine probable cause; (her) action cannot be a mere ratification of the bare conclusions of others." *Gates*, 462 U.S. 213, 239.

In this case, the magistrate signing the warrants had no basis to support a finding of probable cause to believe that fruits of a crime would be found on any item seized, except on an iPhone identified as being in the possession of Defendant Whisman during the pretext traffic stop on 12 November 2016 described in the first search warrant affidavit (dated 15 November 2016). Until his arrest on 15 November 2016, the only thing that FBI Agent Covey knew, and could present to U.S. Magistrate Judge Priest Johnson, was probable cause that he had communicated via a cellphone application with a person whom he believed was Defendant Whisman. Neither at the time of his submission of the first search warrant application (for the vehicle) on 15 November 2016, nor at the time of the second search warrant application (for the residence) on 17 November 2016, did FBI Agent Covey have any evidence rising to probable cause that he would find, in either a search of the vehicle or the home, evidence of a child pornography crime or any crime involving a computer or other electronic media storage device.

The references to child pornography in both search warrant affidavits were inapropos, since prior to the submission of either affidavit to the magistrate, FBI Agent Covey had no evidence of child pornography activity in the vehicle, in the residence, or by Defendant Whisman. In sum, the magistrate's warrants authorized a "fishing expedition" for evidence of a crime without probable cause to believe that the instruments or fruits of a crime were in either the vehicle or the residence. Thus, not even the "good faith" exception should avail either the magistrate authorizing, or the agent conducting, the search in this case.

The good faith exception to the probable cause requirement cannot be applied here. *See United States v. Leon*, 468 U.S. 897 (1984). The exception is not available to an officer who

relies on a warrant based on an affidavit so lacking in probable cause as to render belief in its existence entirely unreasonable. *See United States v. Cherna*, 184 F.3d 403, 407–08 (5th Cir. 1999) (same). The good faith exception is also inapplicable where, as here, an officer obtains a warrant and conducts a search based on the inadequate information he himself provides to a magistrate. *See Barrington*, 806 F.2d 529, 532. In turn, on the face of the search warrant affidavits themselves there is no evidence identified that a reasonable person would find probable cause that the instruments or fruits of a crime would be found in either the vehicle or the residence.

Defendant requests that this Honorable Court grant an evidentiary hearing to allow the defense to develop a record and present argument on both the sufficiency of the affidavit in support of the warrant, as well as the manner in which the warrant was executed. Defendant Whisman further prays that, after evidence and argument are heard, the Court will suppress from use at trial any evidence derived directly or indirectly from the illegal search of Defendant Whisman's vehicle and his residence, specifically any electronic media storage devices other than the phone seized a the time of Defendant Whisman's arrest and any electronic files discovered as a result of the execution of the search warrant and arrest of Defendant; and any evidence derived from the execution of the search warrants on 15 and 17 November 2016.

Respectfully Submitted,

*/s/ Patrick J. McLain*

Patrick J. McLain
Attorney for Defendant Whisman
Texas State Bar Number: 13737480
3316 Oak Grove Avenue, Suite 200
Dallas, Texas 75204
Telephone: (214) 416-99100
patrick@patrickjmclain.com

## CERTIFICATE OF CONFERENCE

Counsel for Defendant Whisman communicated with counsel for the government, Assistant United States Attorney Marisa Miller, and she stated that she is opposed to this motion.

        Respectfully Submitted,

        */s/ Patrick J. McLain*

        Patrick J. McLain
        Attorney for Defendant Whisman

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of Defendant Whisman's Motion for Continuance of Pretrial Deadlines was served electronically via the CM/ECF system to Assistant United States Attorney Marisa Miller on 12 September 2017.

        */s/ Patrick J. McLain*

        Patrick J. McLain
        Attorney for Defendant Whisman